KENNEDY, JENNIK & MURRAY, P.C.
*Attorneys for Plaintiff*
113 University Place, 7th Floor
New York, New York 10003
Tel. (212) 358-1500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMES ANDERSON, AS TRUSTEE OF THE LOCAL 966 PENSION FUND,

        Plaintiff,

-against-

MATHIAS & CARR, INC.,

        Defendant.

No. _____

**COMPLAINT**

Plaintiff, by his attorneys, Kennedy, Jennik & Murray, P.C., complaining of Defendant, respectfully alleges as follows:

### INTRODUCTION

1. This is an action for withdrawal liability owed to the Local 966 Pension Fund ("the Fund"), arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. The Fund seeks to recover the withdrawal liability of Defendant Mathias & Carr, Inc. as a result of its default.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to ERISA §§ 502(a)(3)(B)(ii), (d)(1), (e)(2) and (f), and 4301(a) and (c), 29 U.S.C. §§ 1132(a)(3)(B)(ii), (d)(1), (e)(2) and (f), and 1451(a) and (c).

3. Venue in this District is proper under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Defendant is located in this District and because

the Local 966 Pension Fund is administered at 113 University Place, New York, NY 10003, within this district.

## PARTIES

4.  James Anderson ("Anderson") is a Trustee of the Fund which is an "employee pension benefit plan" within the meaning of § 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3); a "multiemployer plan" within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A); a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35), and is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries. The Fund is a jointly administered employee benefit trust fund, composed of equal representation by Trustees from the Union and Management, established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). Anderson is a "fiduciary" of the Fund within the meaning of § 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered and maintains its principal place of business at Carday Associates, Inc., 7130 Columbia Gateway Drive, Suite A, Columbia, MD 21406. The Fund is also administered at 113 University Place, New York NY, where the Board of Trustees conducts meetings.

5.  Mathias & Carr, Inc. ("M&C") is an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5). M&C is a corporation within the laws of the State of New York. M&C ceased operations effective May 4, 2016 and maintained its office and principal place of business at 225 Varick Street, 4th Floor, New York, NY 10014. Upon information and belief, the owner of M&C, John Kirincich, is located at 43 Berkshire Place, Allendale, NJ 07401.

## FACTS

6.  M&C was a party to a collective bargaining agreement with Local 966, affiliated

with the International Brotherhood of Teamsters ("the Union"), covering a unit of workers employed by M&C pursuant to which M&C was obligated to make periodic contributions to the Fund for the purpose of providing retirement benefits to covered workers.

7. On or about May 4, 2016, M&C withdrew from the Fund in a complete withdrawal by permanently ceasing all covered operations under the Fund within the meaning of ERISA §§ 4201(a) and 4203(a)(1) or (2), 29 U.S.C. §§ 1381(a) and 1383(a)(1) or (2).

8. Such a complete cessation of the obligation to make contributions or cessation of covered operations constituted a "complete withdrawal" from the Fund, for which withdrawal liability may be collected by the Fund, pursuant to ERISA § 4201(a), 29 U.S.C. § 1381(a).

9. As a result of its complete withdrawal, M&C was obligated to pay withdrawal liability to the Fund in the amount of $4,510,000.00. This liability was determined by the Fund under § 4211(b) of ERISA, 29 U.S.C. § 1391(b). Pursuant to ERISA § 4219(c)(1)(c)(i)(I) and (3), 29 U.S.C. § 1399(c)(1)(c)(i)(I) and (3), and the terms of the Plan Document, M&C was required to make 80 quarterly payments to the Fund in the amount of $6,384.00. A true and correct copy of the Plan Document is attached as Exhibit A and incorporated herein by reference.

10. In accordance with ERISA § 4219(b), 29 U.S.C. § 1399(b), by letter dated June 16, 2016, the Fund sent a demand for withdrawal liability to M&C. The letter advised M&C that if it failed to make the first quarterly payment within sixty (60) days of the date of the letter, the entire amount of withdrawal liability, plus interest, liquidated damages, and the cost of collection, would become due pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). The June 16, 2016 letter further advised M&C to disclose whether it was a member of a group of trades or businesses under common control within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and §§ 414 and 1563 of the Internal Revenue Code, 26 U.S.C. §§ 414 and 1563. A

true and correct copy of the June 16, 2016 letter is attached as Exhibit B and incorporated herein by reference.

11.	By letter dated October 11, 2016, the Fund informed M&C that it had not yet received the first quarterly payment due. A true and correct copy of the Fund's October 11, 2016 letter is attached as Exhibit C and incorporated herein by reference.

12.	Despite the Fund's notice that the 60-day period for M&C to make the first quarterly payment had elapsed, the Fund has received no payments toward the withdrawal liability due from M&C.

13.	Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), and § 12.16(C)(5) of the Plan Document (Exhibit A at 99), M&C's failure to make the first quarterly payment when due, failure to make any other payments towards its withdrawal liability, and failure to cure such delinquency constitutes a default.

14.	As a result of the default, the Fund's Trustees determined to accelerate the withdrawal liability pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). Therefore, M&C is obligated to pay the Fund the full amount of the withdrawal liability of $4,510,000.00, plus accrued interest, together with liquidated damages and cost of collection.

## FIRST CAUSE OF ACTION

15.	Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.	Plaintiff qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), and further brings this action on behalf of Fund participants and beneficiaries pursuant to §§ 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3)(B)(ii) and 1451(a)(1).

17.   Pursuant to § 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. § 1132(g)(2) and 1451(b), M&C is obligated to pay interest and liquidated damages on the delinquent withdrawal liability payments and to pay the Fund's attorneys' fees and costs.

18.   In accordance with the Plan Document and the Fund Trustees' binding interpretations thereunder, and pursuant to §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), M&C is obligated to pay interest and liquidated damages on the delinquent withdrawal liability payments, and to pay the Fund's attorneys' fees and costs. The Plan Document provides, at Section 12.16(C)(6), that, "interest under this subsection (C) shall be charged at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC." (Exhibit A at 100.)

## RELIEF

**WHEREFORE,** the Fund respectfully requests judgment against Defendant M&C for:

(a)   the principle sum of $4,510,000.00;

(b)   interest on the amount owed the Fund in accordance with ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B) from April 8, 2016;

(c)   liquidated damages computed as provided in ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C);

(d)   attorneys' fees and costs in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and

(e)   such other and further relief as the Court may deem just and proper in accordance with ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

Dated: New York, New York
       January 10, 2017

                                      Respectfully submitted,
                                      KENNEDY, JENNIK & MURRAY, P.C.
                                      *Attorneys for Plaintiff*

                                      By: _/s/ Susan M. Jennik_
                                      Susan M. Jennik
                                      Serge Ambroise
                                      113 University Place, 7th Floor
                                      New York, NY 10003
                                      (212) 358-1500 Telephone
                                      (212) 358-0207 Facsimile